IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

FILED
OCT 1 4 2003
LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

| | |
|---|---|
| BMG SONGS, INC., THE 1992 DIANE WARREN TRUST D/B/A REALSONGS, REALSONGS, FAMOUS MUSIC CORPORATION, STUCK IN THE THROAT MUSIC, WB MUSIC CORP., EMI APRIL MUSIC INC., PURPLE RABBIT MUSIC, ZOMBA ENTERPRISES, INC., FATE MUSIC AND THE HOLMES LINE OF MUSIC,<br><br>      Plaintiffs,<br><br>vs.<br><br>KEENE OF SOUTH CAROLINA, INC. AND RICK A. PRUSATOR,<br><br>      Defendants. | Civil Action No. 6:03-3246-20<br><br>COMPLAINT |

  Plaintiffs, complaining of the Defendants, by WYCHE, BURGESS, FREEMAN & PARHAM, P.A., their attorneys, allege:

  1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

  2. Plaintiffs allege fourteen (14) causes of action for copyright infringement based on the Defendants' public performances of copyrighted musical compositions. SCHEDULE A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant Keene of South Carolina, Inc. at all times pertinent, was and still is a corporation organized and existing under the laws in the State of South Carolina, and is engaged in the business of operating a commercial radio station in Greenwood, South Carolina, known by the call letters WZSN-FM, under license granted by the Federal Communications Commission.

5. Defendant Rick A. Prusator is a citizen in the State of South Carolina and a resident of this district and, at all times pertinent, was and still is the President, Treasurer and Director of Defendant Keene of South Carolina, Inc. with primary responsibility for the control, management, operation and maintenance of its affairs. The acts complained of were done under his direction and supervision and with his active approval and assistance, and he derives financial benefit therefrom.

6. Said broadcasting station has been and is operated for commercial purposes.

7. In connection with the operation of said broadcasting station and as part of the programs regularly broadcast therefrom, musical compositions were and are publicly performed.

8. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

9. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17, U.S.C.

10. The composition named in cause of action 6 was registered as an unpublished composition on the date stated in Column 5.

11. The Plaintiffs, named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

12. Defendants on the dates specified in Column 7, and, upon information and belief, at other times prior and subsequent thereto, willfully infringed the copyright in each composition named in Column 3 by giving public performances of the compositions as part of the programs broadcast by radio station WZSN-FM, and Defendants threaten to continue such infringing performances.

13. The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 broadcast over Defendants' radio station were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or employee or any Plaintiff to give such performances.

3

14. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) For periods prior to January 7, 2003, Defendants held a license agreement for radio station WZSN-FM from the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members. That license agreement authorized public performance of any or all of the hundreds of thousands of copyrighted musical compositions in the ASCAP repertory by broadcast over radio station WZSN-FM. Defendants agreed to pay license fees to ASCAP.

(b) Defendants, however, failed to pay license fees as required by their license agreement, and, on December 31, 2000, Defendants' ASCAP license expired by its own terms with license fees owing. Despite their account delinquency, ASCAP offered Defendants a license extension agreement for the interim license period commencing January 1, 2001.

(c) Although no formal license extension agreement was ever executed between ASCAP and Defendants for the interim period commencing January 1, 2001, ASCAP nevertheless treated the Station as if it were licensed on a de facto basis. However, Defendants persisted in failing to comply with the reporting and payment provisions of the de facto license arrangement, and, as a result, on January 7, 2003, ASCAP duly terminated the de facto license.

(c) Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform copyrighted music without per-

mission by broadcast over radio station WZSN-FM during virtually every hour that the station is on the air. The many unauthorized performances broadcast over radio station WZSN-FM include performances of the fourteen copyrighted musical compositions upon which this action is based.

15. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

16. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed by said radio station, or in any place owned, controlled or conducted by Defendants and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(2), namely, not more than One Hundred

Fifty Thousand Dollars ($150,000) nor less than Seven Hundred Fifty Dollars ($750) in each cause of action herein.

   III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

   IV. For such other and further relief as may be just and equitable.


Respectfully submitted,

Wyche, Burgess, Freeman & Parham, P.A.

*Amos A. Workman*

Wallace K. Lightsey (1037)
Amos A. Workman (4754)
44 East Camperdown Way
Post Office Box 728
Greenville, S.C. 29602-0278
(803) 242-3131

Dated: 13th October, 2003

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | BMG SONGS, INC. | RHYTHM OF THE NIGHT | DIANE WARREN | 1/29/85 | PA 244-263 | 4/13/03 |
| 2. | BMG SONGS, INC. | BABY, WHAT A BIG SURPRISE | PETER CETERA | 10/12/77 | PA 26-233 | 4/12/03 |
| 3. | THE 1992 DIANE WARREN TRUST D/B/A REALSONGS | CAN'T FIGHT THE MOONLIGHT (THEME FROM COYOTE UGLY) | DIANE WARREN | 8/1/00 | PA 1-011-257 | 4/13/03 |
| 4. | THE 1992 DIANE WARREN TRUST D/B/A REALSONGS | UNBREAK MY HEART | DIANE WARREN | 6/18/96 | PA 795-194 | 4/13/03 |
| 5. | THE 1992 DIANE WARREN TRUST D/B/A REALSONGS | HOW DO I LIVE | DIANE WARREN | 5/16/97 | PA 852-491 | 4/13/03 |
| 6. | THE 1992 DIANE WARREN TRUST D/B/A REALSONGS | BECAUSE YOU LOVED ME | DIANE WARREN | 3/19/96 REGISTERED 11/28/95 | PA 796-480 AS UNPUBLISHED PAU 2-077-390 | 4/12/03 |
| 7. | REALSONGS | I'LL NEVER GET OVER YOU GETTING OVER ME | DIANE WARREN | 10/5/92 | PA 597-545 | 4/12/03 |
| 8. | FAMOUS MUSIC CORPORATION, STUCK IN THE THROAT MUSIC | BEAUTIFUL | LINDA PERRY | 3/22/02 | PA 1-104-696 | 4/13/03 |

SCHEDULE "A"

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 9. | WB MUSIC CORP. | I KNEW I LOVED YOU | DANIEL JONES AND DARREN HAYES STANLEY | 11/8/99 | PA 985-715 | 4/13/03 |
| 10. | EMI APRIL MUSIC INC. AND PURPLE RABBIT MUSIC | FAST CAR | TRACY CHAPMAN | 3/1/88 | PA 417-827 | 4/12/03 |
| 11. | ZOMBA ENTERPRISES, INC. | I WANT IT THAT WAY | MARTIN SANDBERG (P/K/A MAX MARTIN) AND ANDREAS MICHAEL CARLSSON | 4/6/99 | PA 940-714 | 4/13/03 |
| 12. | ZOMBA ENTERPRISES, INC. | BYE BYE BYE | KRISTIAN LUNDIN, JACOB SCHULZE AND ANDREAS CARLSSON | 1/11/00 | PA 932-099 | 4/13/03 |
| 13. | FATE MUSIC | KEEP ON LOVING YOU | KEVIN CRONIN | 11/24/80 | PA 97-425 | 4/12/03 |
| 14. | THE HOLMES LINE OF MUSIC | YOU GOT IT ALL OVER HIM (A/K/A YOU GOT IT ALL) | RUPERT HOLMES | 9/10/85 | PA 303-266 | 4/13/03 |

SCHEDULE "A"